## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **SC METAL PRODUCTS LLC, MORGAL MACHINE TOOL CO., AND THEIR AFFILIATES D/B/A THE MCGREGOR METALWORKING COMPANIES**<br><br>  2100 South Yellow Springs St.<br>  Springfield, OH 45506<br><br>         *Plaintiff*,<br><br>v.<br><br>**LUMMUS CORPORATION**<br><br>  c/o Corporation Service Company, Agent<br>  2 Sun Court, Ste. 400<br>  Peachtree Corners, GA 30092<br><br>         *Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CASE NO.<br><br>DISTRICT JUDGE<br><br><br><br><br><br><br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Plaintiff SC Metal Products LLC, Morgal Machine Tool Co. and their Affiliates, d/b/a The McGregor Metalworking Companies ("Plaintiff" or "McGregor") respectfully move this Court to confirm the arbitration award incorporated herein as **Exhibit 1** (the "Award")[1] and enter judgment against Lummus Corporation ("Lummus").

---

[1] Exhibits 1 through 4 to this Petition to Confirm Arbitration Award are the subject of a Motion to File Under Seal, which is being filed contemporaneously with the filing of this Petition.

## INTRODUCTION AND SUMMARY OF THE ACTION

**1.** In February 2016, Lummus and McGregor entered into a Binding Letter of Intent (the "LOI"), a copy of which is being filed herewith under seal and has been marked as **Exhibit 2**. The LOI required any disputes thereunder to be settled by an arbitration administered by the American Arbitration Association. A dispute between the parties under the LOI arose.

**2.** On or about July 20, 2020, the American Arbitration Association appointed Catharine Arrowood, William Alexander and Steven Aceto as the panel of arbitrators for the dispute between McGregor and Lummus. Notice of the arbitrators' appointment is being filed herewith under seal and has been marked as **Exhibit 3**.

**3.** Pursuant to the LOI and the parties' agreement, a three-day arbitration was held in Nashville, Tennessee on August 23-25, 2021 (the "Arbitration"). (*See* Ex. 1). While the LOI provided that the Arbitration would be held in Aiken, South Carolina, the parties agreed to hold the Arbitration in Nashville, Tennessee.

**4.** After the conclusion of the Arbitration and post-hearing briefing by all parties, an Award was issued on October 21-22, 2021 in favor of McGregor and in the amount of $242,435.71, plus other relief provided therein. (*See* Ex. 1).

**5.** Pursuant to the LOI, the parties agreed that the Award could be entered in any court of competent jurisdiction. (*See* Ex. 2, at p. 3).

**6.** McGregor now seeks to confirm the Award in its entirety and to obtain a final judgment pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

### The Parties

**7.** McGregor is an Ohio Corporation with its principal place of business located at 2100 South Yellow Springs St., Springfield, Ohio. (*See* Declaration of James B. McGregor

["McGregor Dec."], which is being filed herewith under seal and has been marked as **Exhibit 4**).

8. Lummus is a Delaware corporation with its principal place of business located at 225 Bourne Boulevard, Savannah, Georgia 31408. Lummus can be served with process by and through its registered agent, Corporation Service Company, 2 Sun Court, Ste. 400, Peachtree Corners, Georgia 30092.

## Subject Matter Jurisdiction

9. This Court has subject matter jurisdiction to enforce the Award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and the LOI, which permits the Award to be entered in any court of competent jurisdiction. (*See* Ex. 2, p. 3); *see also Reynolds & Reynolds Co. v. Mikuta,* S.D. Ohio No. 3:14-mc-017, 2015 U.S. Dist. LEXIS 16920, at *11 (Feb. 11, 2015) (recognizing court had jurisdiction where parties agreed to entry of a judgment on an arbitration award "in any court having jurisdiction thereof"). Additionally, subject matter jurisdiction is present in this matter based on the diversity of citizenship of McGregor and Lummus under 28 U.S.C. § 1332. McGregor is an Ohio corporation with its principal place of business in Springfield, Ohio. Lummus is a Delaware corporation with its principal place of business in Savannah, Georgia. Finally, the LOI involved goods and services that moved in interstate commerce and the amount in controversy *exceeds* $75,000.01 (the Award was for the principal amount of $242,435.71).

## Personal Jurisdiction

10. In addition to the parties' consent to allow a final judgment on the Award to be entered in any court with competent jurisdiction (*see* Ex. 1, ¶ 6; Ex. 2, p. 3), the Court may also exercise personal jurisdiction over Lummus under the traditional jurisdictional minimum contacts analysis. *See Newman v. Tessa Complete Health Care, Inc.*, S.D. Ohio No. 1:04-cv-186, 2006 U.S. Dist. LEXIS 47532, at *12 (July 13, 2006) (recognizing that to issue a valid

confirmation of an arbitration award, the defendant must (i) be amenable to service of process under Ohio's long-arm statute, R.C. 2307.382, and (ii) the exercise of personal jurisdiction must compart with due process); *see also Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (describing due process analysis).

11. Here, personal jurisdiction over Lummus exists to confirm the Award. First, Ohio's long-arm statute is satisfied because Lummus, pursuant to the LOI, unquestionably transacted business in Ohio as required by R.C. 2307.382(A)(1) and otherwise contracted to supply services and/or goods in Ohio under R.C. 2307.382(A)(2). (*See* Ex. 1, ¶¶ 23-25, describing that production of goods produced for Lummus under the LOI occurred at McGregor's facility in Springfield, Ohio, which Lummus representatives personally visited for various quality assurance inspections).

12. Second, exercising jurisdiction over Lummus is consistent with the Due Process Clause of the Fourteenth Amendment. The Sixth Circuit has established a three-part test (the "Southern Machine Test") for determining whether a court may exercise personal jurisdiction over a defendant consistent with the Due Process Clause. In *Southern Machine v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), the Sixth Circuit held that a court may exercise personal jurisdiction when (i) the defendant purposefully avails itself of the privilege of acting in the forum state or causing a consequence in the forum state; (ii) the causes of action arise from the defendant's activities there; and (iii) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *See also Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir.2012).

13. Purposeful availment requires more than "random," "fortuitous," or "attenuated" contacts with the forum state; it requires contacts that create a "substantial connection" with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 982 (6th Cir. 1992). Here, there is no question that Lummus purposefully availed itself of the privilege of acting in Ohio by signing the LOI and purchasing goods from McGregor's Springfield, Ohio facility for several years. (*See* Ex. 1, ¶¶ 23-25).

14. There is also no question that Lummus' Ohio activities and the causes of action in the Arbitration were intertwined. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996); *see also Reynolds v. Internatl. Amateur Ath. Fedn.*, 23 F.3d 1110, 1119 (6th Cir. 1994). The operative facts of the dispute between McGregor and Lummus involved products produced pursuant to the LOI at McGregor's Ohio facility, such that the relationship between the dispute and the minimum contacts are self-evident.

15. Finally, the *Southern Machine* Test requires that "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *Southern Machine*, 401 F.2d at 381. Factors which a trial court may consider when determining if jurisdiction is reasonable include "the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *CompuServe*, 89 F.3d at 1268; s*ee also Internatl. Confection Co., LLC v. Z Capital Group, LLC*, S.D. Ohio No. 2:18-cv-1108, 2019 U.S. Dist. LEXIS 159257, at *13 (Sep.

5

17, 2019). Here, as McGregor is an Ohio company that produced goods in Ohio which were the subject of both the LOI and the underlying dispute, exercising jurisdiction over Lummus to confirm the Award is reasonable. Lummus contracted with an Ohio company and purchased goods produced at an Ohio manufacturing facility such that was reasonable for Lummus to expect to be haled into court in Ohio.

16. Lummus has sufficient minimum contacts with Ohio to satisfy due process requirements.

## Venue

17. The U.S. District Court for the Southern District of Ohio is a proper venue to confirm the Award. In addition to the parties' agreement that a final judgment on the Award could be entered in any court with competent jurisdiction (*see* Ex. 1, ¶ 6; Ex. 2, p. 3), the venue provisions contained in 9 U.S.C. § 9 are *permissive*, rather than restrictive. *See Rich v. Barney*, W.D.Ky. No. 3:05CV-81-R, 2005 U.S. Dist. LEXIS 53478, at *4 (Apr. 12, 2005) citing *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000). As such, a petition to confirm an arbitration award may be brought either in the district where the award was made or in any district proper under general venue statute, 28 U.S.C. § 1391. Here, while the Award was made after a hearing in Nashville, Tennessee, venue is proper in the U.S. District Court for the Southern District of Ohio under 28 U.S.C. § 1391(b)(2) because this District is where a substantial part of the events giving rise to the underlying dispute occurred and, additionally, is where a substantial part of the property (including goods produced by McGregor and certain machinery and/or equipment supplied by Lummus) was and/or is situated. (*See* Ex. 1, ¶¶ 23-25, describing that production of goods produced for Lummus under the LOI occurred at McGregor's facility in Springfield, Ohio,

which is within this District's territorial reach). Venue is also proper under 28 U.S.C. § 1391(b)(3) because Lummus is otherwise subject to personal jurisdiction in this judicial district as forth, *supra*.

## **PETITION TO CONFIRM ARBITRATION AWARD**

18. In February 2016, Lummus and McGregor entered into the LOI. The LOI required any disputes thereunder to be settled by an arbitration administered by the American Arbitration Association. (*See* Ex. 2).

19. As summarized in the Award submitted as Ex. 1, a dispute arose between the parties that fell within the arbitration clause contained in the LOI. (*See* Ex. 1, at ¶¶ 8-11). McGregor initiated the Arbitration by filing a demand with the American Arbitration Association on March 6, 2020. (*See id.*). Thereafter, Catharine Biggs Arrowood, Steven T. Aceto, and William P. Alexander III were duly appointed to serve as the arbitrators of the dispute (the "Arbitrators").

20. Following discovery, including the exchange of documents and the taking of depositions, the parties participated in the Arbitration on August 23-25, 2021 in Nashville, Tennessee. Following the Arbitration, the parties submitted post-hearing briefs at the request of the Arbitrators.

21. On October 21-22, the Arbitrators rendered a detailed Final Award in favor of McGregor. (*See* Ex. 1). The Arbitrators awarded McGregor: (a) lost profit damages in the amount of $177,383.27; (b) attorneys' fees in the amount of $55,000.00; and (c) costs and expenses in the amount of $10,052.44. Together, the monetary award totaled $242,435.71. (*See* Ex. 1, pp. 16-17). The Arbitrator's also awarded McGregor post-judgment interest at the rate of 7.25%, compounded annually. (*See id.*).

**22.** In addition, the Arbitrators found that McGregor was entitled to use, keep, or dispose of any and all materials, equipment, and other LOI-related assets that remained in its possession. (*See* Ex. 1, p. 17).

**23.** The Award was a full and final award of all claims (and counterclaims) submitted in the Arbitration.

**24.** McGregor now respectfully moves to confirm the Award filed under seal as Exhibit 1, in its entirety, and requests an entry of a final judgment against Lummus consistent with the Award. Pursuant to 9 U.S.C. § 9, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." The Award has not been vacated, modified, or corrected, nor has a motion been filed seeking such relief. Therefore, the Award should be confirmed in its entirety.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, McGregor prays that this Court confirm the Arbitration Award in its entirety, and enter a final judgment against Lummus as set forth in the Arbitration Award. McGregor further prays for all other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

COOLIDGE WALL CO., L.P.A.

By: */s/ David P. Pierce*
David P. Pierce (0061972)
Zachary B. White (0096014)
Coolidge Wall Co., L.P.A.
33 W. First Street, Suite 600
Dayton, OH  45402
Phone:  937-223-8177
Fax:  937-223-6705
E-mail:  pierce@coollaw.com
white@coollaw.com

*COUNSEL FOR PLAINTIFFS SC METAL PRODUCTS LLC, MORGAL MACHINE TOOL CO., AND THEIR AFFILIATES D/B/A THE MCGREGOR METALWORKING COMPANIES*

9