UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MCGREGOR METALWORKING
COMPANIES,

    Plaintiff,

vs.

LUMMUS CORPORATION,

    Defendant.

Case No. 3:21-cv-323

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (Doc. No. 10); AND (2) CONFIRMING THE ARBITRATION AWARD (Doc. No. 6-1)**

This matter is before the Court on Plaintiff SC Metal Products LLC, Morgal Machine Tool Co., and their Affiliates, d/b/a The McGregor Metalworking Companies', motion for a default judgment against Defendant Lummus Corporation. Doc. No. 10. In October 2021, Plaintiff, an Ohio corporation (Doc. No. 6-4 at PageID 81), received a final arbitration award from an arbitration panel over Defendant, a Georgia corporation (Doc. No. 1 at PageID 3). *See* Doc. No. 6-1. Defendant failed to pay Plaintiff pursuant to that award, so Plaintiff filed suit in this Court to enforce and confirm the award. *See* Doc. No. 1. Plaintiff seeks a declaratory judgment asking for, among other things, a sum certain of $242,435.71 for lost profit damages; attorney's fees; and costs and expenses, plus interest at the rate of 7.35% compounded annually since October 22, 2021, until paid. Doc. No. 10 at PageID 103. Moreover, Plaintiff seeks an order confirming the terms of the award. *Id.*

After Defendant failed to timely respond to the complaint or appear in this matter, the Clerk of Court docketed an entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a). Doc.

No. 9. Plaintiff thereafter moved for a default judgment pursuant to Fed. R. Civ. P. 55(b). Doc. No. 10. Defendant has not filed a memorandum in opposition, and the time for doing so under S.D. Ohio Civ. R. 7.2(a)(2) has expired. Thus, this matter is ripe for review.

# I.

A party defaults when it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id.* After entry of default against a defaulting party:

> If plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In determining whether to enter a default judgment, the Court should consider: "(1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

Plaintiff perfected service on Defendant. Plaintiff's attorney submitted an affidavit stating that Defendant was successfully served with a summons and that he subsequently returned the executed summons to the Clerk of Court. Doc. No. 8-1 at PageID 98. Despite proper service, Defendant has failed to file an answer or otherwise plead in response to Plaintiff's complaint within the time allowed under Fed. R. Civ. P. 12. As a result, the Clerk entered a default against Defendant. Doc. No. 9. Defendant has since failed to offer any objection to the entry of default and has not moved to set aside that default. Without such action by Defendant, the record lacks

any explanation for Defendant's failure to respond to Plaintiff's complaint.  Therefore, default judgment is warranted against Defendant.

This does not end the matter because a default judgment fails as a matter of law if Plaintiff's complaint does not assert a plausible claim upon which relief can be granted.  *See Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010).  Moreover, the Court must determine that jurisdiction is proper over Defendant and, if so, ascertain appropriate damages.  *See Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011); *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010).

## II.

Plaintiff satisfies every requirement necessary for a default judgment. First, the Court possesses jurisdiction to hear this case; second, there are plausible grounds for relief; and third, Plaintiff has proven damages.  *See Gen Conf. Corp. of Seventh-Day Adventists*, 617 F.3d at 407; *Flynn*, 440 F. App'x at 455; *Citizens Bank*, 376 F. App'x at 501.

**A. Jurisdiction**

As with all cases, subject matter and personal jurisdiction are threshold requirements. There is diversity jurisdiction here, as Plaintiff is an Ohio corporation, Defendant is a Georgia corporation, and the amount in controversy (the arbitration award) exceeds $75,000.  *See* Doc. No. 1 at PageID 3; *see also, e.g.*, *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 998–99 (6th Cir. 2020) (diversity jurisdiction exists under the FAA if the underlying award sought to be confirmed or vacated exceeds $75,000).  Therefore, the Court has subject matter jurisdiction over this case.

The Court can also exercise personal jurisdiction over Defendant.  In the instant case, Defendant transacted business within Ohio -- specifically, Springfield, Ohio, where it purchased Plaintiff's goods -- so it purposefully availed itself of the opportunity to conduct business within

3

Ohio. Doc. No. 6 at PageID 59; *see Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006). Looking to the underlying dispute, Defendant contacted Plaintiff in Ohio, the forum state, related to the business dispute that was the subject of the arbitration. *See CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996). Thus, the cause of action -- confirming an arbitration award over a dispute between the parties over business conducted in Ohio -- arises from Defendant's contacts with Ohio, so the Court can exercise personal jurisdiction. Doc. No. 6 at PageID 59; *see, e.g.*, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 885–86 (2011).

### B. Liability

Once default has been entered, the factual allegations in the complaint, except those related to damages, are accepted as true. *See* Fed. R. Civ. P. 8(b)(6); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because the defendant produced no timely responsive pleading). The FAA governs the Court's treatment of arbitration agreements. *See* 9 U.S.C. § 4. Pursuant to 9 U.S.C. § 9, the Court must grant an order seeking to confirm an arbitration award unless the award is vacated, modified, or corrected as the FAA prescribes. *See Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *see also Sign & Graphics Operations LLC v. Begotten Son Corp.*, No. 19-CV-12727, 2020 WL 2059865, at *3 (E.D. Mich. Apr. 29, 2020) (affirming default judgment where plaintiff received a valid arbitration award that was not challenged or modified and sought its confirmation).

The complaint states a plausible cause of action. First, it alleges the parties entered into a binding agreement under a Letter of Intent ("LOI") for the sale of certain goods. Doc. No. 1 at PageID 7. Second, it alleges that Defendant breached this agreement, which triggered the LOI's arbitration clause. *Id.* Third, after both parties went to arbitration, the arbitration panel issued an award for Plaintiff. *Id.* Because this Court must grant a valid arbitration award not otherwise modified, vacated, challenged, or corrected, 9 U.S.C. § 9, Plaintiff plausibly claims in its complaint

that it received a valid arbitration award over Defendant under Section 9 of the FAA. *See Hall St. Assocs.*, 552 U.S. at 582; *Sign & Graphic Operations LLC*, 2020 WL 2059865, at *3.

### C. Damages

Per the arbitration award, Plaintiff seeks a declaratory judgment for (a) lost profit damages of $177,383.27; (b) attorney's fees of $55,000.00; and (c) costs and expenses of $10,052.44 -- totaling $242,435.71, plus interest at the rate of 7.35%, compounded annually since October 22, 2021, until paid. Doc. No. 10 at PageID 103. Furthermore, Plaintiff requests a judgment stating that Defendant received nothing on its counterclaims in the underlying arbitration, and Plaintiff was entitled to use, keep, or dispose of all materials, equipment, and other related assets that remained in its possession. *Id.*

"[W]hile liability may be shown by well-pleaded allegations, the district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)). Under Rule 55(b)(1), a court may enter judgment by default when the claim is for a sum certain, including sums calculable "from the terms of a written document such as a contract or promissory note." *Dailey v. R & J Comm'l Contracting*, No. C2-01-403, 2002 WL 484988, at *3 (S.D. Ohio Mar. 28, 2002) (citing Fed. R. Civ. P. 55(b)(2)). A court may do so without a hearing if damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (quoting *Wilson v. D & N Masonry, Inc.*, No. 1:12-cv-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014)); *see also Meyer v. City of Cincinnati*, 943 F.2d 52 (6th Cir. 1991) (noting that under Rule 55(b)(1), a district court is "required to enter a default judgment" in the amount computable to a sum certain).

5

To support its damages claims, Plaintiff has provided a copy of the underlying arbitration award. Doc. No. 6-1 at PageID 69–70. This is a sum certain under Rule 55(b) and recoverable under the FAA. *See, e.g.*, *Dealer Specialties Int'l, Inc. v. Car Data 24/7, Inc.*, No. 1:16-cv-499, 2016 WL 4140517, at *2 (S.D. Ohio Aug. 4, 2016). Therefore, the Court can ascertain Plaintiff's damages with reasonable certainty. *Id.*

### III.

Having reviewed the pleadings and evidence in this case, and being fully satisfied therewith, the Court finds that the prerequisites for a declaratory judgment have been met. Plaintiff's motion for a default judgment (Doc. No. 10) is therefore **GRANTED**. Specifically, the Arbitration Award is **CONFIRMED**, and this Court **ORDERS** that Defendant shall pay Plaintiff: (1) $177,383.27 in lost profit damages; (2) $55,000 in attorney's fees; and (3) $10,052.44 in costs and expenses, for a total of $242,435.71, with interest running at 7.35%, compounded annually since October 22, 2021, until paid. Plaintiff is entitled to use, keep or dispose of any and all materials, equipment and other LOI-related assets that remain in its possession.

**IT IS SO ORDERED.**

Date:  March 15, 2021                              s/Michael J. Newman
                                                              Hon. Michael J. Newman
                                                              United States District Judge